UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

LYDON LEWIS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER JOEL
ROSENTHAL (Shield no. 23138), POLICE OFFICER
SHAUN PERKINS (Shield no. 25575),

                Defendants.
-------------------------------------------------------------- x

CV 10-4205

**COMPLAINT**

Jury Trial Demanded

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y
★ SEP 15 2010 ★
BROOKLYN OFFICE

WEINSTEIN, J.

POLLAK, M.J.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. The case arises from a December 27, 2009 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, malicious prosecution, and fabricated evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and because the incident in question took place in this district.

1

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Kings.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Joel Rosenthal is a member of the NYPD who was involved in the arrest of plaintiff on December 27, 2009. Rosenthal is sued in his individual and official capacity.

7. Police Officer Shaun Perkins is a member of the NYPD who was involved in the arrest of plaintiff on December 27, 2009. Perkins is sued in his individual and official capacity.

## STATEMENT OF FACTS

8. On December 27, 2009, plaintiff was having a small holiday gathering at 132 Grafton Street in Brooklyn, NY. Plaintiff's car was borrowed by a fellow attendee, Jermal. Jermel took plaintiff's car to a grocery store. Plaintiff did not accompany Jermel.

9. While parked at the store, a parking ticket was placed on plaintiff's car. A short while later Jermel returned to 132 Grafton Place.

10. At approximately 9:01 p.m., Plaintiff, Jermel, and a number of other attendees, were standing in front of 132 Grafton when they were approached by Officers Rosenthal and Perkins.

11. The Officers asked the group who was driving the car and who owned the car. Plaintiff explained that he owned the car but had not recently driven the car. When nobody

came forward as the car's driver, the the officers placed plaintiff in extremely tight handcuffs and placed plaintiff under arrest.

12. The officers arrested plaintiff on the false premise that plaintiff had made an illegal right turn, had failed to signal while turning and had operated a motor vehicle while under the influence of alcohol or drugs.

13. Plaintiff, however, had not been the driver of his car and the arresting officers were aware of this fact. Nevertheless, plaintiff was arrested and taken to the 73rd Precinct for arrest processing.

14. At the 73rd Precinct, plaintiff was forced to perform a number of sobriety tests and asked to blow into an alcohol sensor.

15. After these examinations, plaintiff was taken to Brooklyn Central Booking to await arraignment.

16. While plaintiff was awaiting arraignment, Officers Rosenthal and Perkins met with a prosecutor employed by the Kings County District Attorney's Office.

17. The officers falsely stated to the prosecutor that they had seen plaintiff operating a motor vehicle on December 27, 2009.

18. As a result of the officers' false statements, charges were filed against plaintiff.

19. Plaintiff was arraigned and released in the Criminal Court of the City of New York, Kings County at approximately 9:00 p.m.

20. At a suppression hearing on June 2, 2010, Officers Rosenthal testified falsely at trial that he had seen plaintiff driving plaintiff on December 27, 2009.

21. At a bench trial in August 2010 on June 2, 2009, Officers Rosenthal again testified falsely at trial that he had seen plaintiff driving plaintiff on December 27, 2009.

22. On August, 2010, at a bench trial, plaintiff was acquitted of all charges.

23. As a result of defendants' actions, plaintiff suffered emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and economic loss.

### FEDERAL CLAIMS AGAINST JOEL ROSENTHAL AND SHAUN PERKINS

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The conduct of Police Officer Joel Rosenthal and Police Officer Shaun Perkins, as described herein, amounted to false arrest, malicious prosecution, and fabricated evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIMS AGAINST THE CITY OF NEW YORK

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. The City of New York directly caused the constitutional violations suffered by plaintiff.

31. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual

defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

32. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

33. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    September 10, 2010
               New York, New York

                         ROBERT MARINELLI
                         305 Broadway, 14th Floor
                         New York, New York 10007
                         (212) 822-1427

_____
ROBERT MARINELLI (RM-4242)