**ROBERT MARINELLI**
ATTORNEYS AT LAW
305 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (718) 624-4748

May 11, 2011

*[Handwritten: Defendant is Ordered to respond by 5/18. So Ordered CLP USMJ 5/12/11]*

By ECF
The Honorable Cheryl L. Pollak
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Lewis v. City et. als.*, 10-CV-4205 (JW)(CLP)

Your Honor:

I represent the plaintiff in this civil rights action alleging police misconduct. I write to request that the Court resolve a discovery dispute concerning production of certain police documents, police recordings and defendant's privilege log.

I certify that, prior to seeking court intervention, I made a good faith effort to resolve the dispute informally with opposing counsel. As discussed at this morning's conference, defense counsel has failed to my respond to my requests for these documents either formally or informally; nor has defense counsel provided a basis for her position.

### Defendants' Responses and Objections

Specifically, defendants have failed to produce audio and video recordings concerning the incident. This is particularly troubling because IAB and SPRINT recordings are stored electronically and easily retrievable, and a videotape was presented at plaintiff's criminal trial.

Further, defendants have not produced a variety of other critical documents. These documents include, *inter alia*:

- Relevant Memo Book entries of the officers, including all entries from their tour on the date of arrest;

- Scratch copy of the complaint report;

- Desk Appearance Ticket "Eligibility Form";
- Medical Treatment of Prisoner Form;
- Property Voucher;
- OCA Check of plaintiff; and
- BADS documents, including OLPA Report and arrest history report.

These are among the most central documents in this case and the easiest to obtain. It is inconceivable that the City would not have obtained these documents in the nine months since this case was filed. They are clearly relevant and there is no privilege protecting them.

Similarly, plaintiff demands production of the 73rd Precinct Roll Call. The Roll Call is necessary to confirm the identities of the officers defendants have disclosed, which plaintiff is entitled to do. *See Flemming v. Velardi*, 02-CV-4113 (AKH), 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003); *London v. Watkins*, 99-CV-2769 (RLE), 2000 WL 713088, at * 1 (S.D.N.Y. June 2, 2000).

Finally, I request that Your Honor compel defendants to produce a privilege log in accordance with Federal Rule 26(b)(5). Such log, including a full list of documents withheld, and the basis, so counsel can make a determination whether further applications will be necessary.

I ask that defendants be compelled to produce these documents before May 24, 2011. Plaintiff's discovery requests were served on December 20, 2010, and plaintiff's deficiency letters dated April 22, 2011 and May 2, 2011 were unanswered.

Respectfully,

Robert Marinelli

Diep Nguyen, Esq., by ECF and Email

2